UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| TOM DEFOE, a minor by and through his parent and guardian, PHIL DEFOE, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No.: 3:06-CV-450 (VARLAN/SHIRLEY) |
| SID SPIVA, in his individual and official capacity as Principal of Anderson County Career and Technical School; MERL KRULL, in his individual and official capacity as Assistant Principal of Anderson County Vocational School; GREG DEAL, in his individual and official capacity as Principal of Anderson County High School; V. L. STONECIPHER, in his official capacity as Director of Schools for Anderson County; JOHN BURELL, in his official capacity as Chairman of the Anderson County School Board; and THE ANDERSON COUNTY SCHOOL BOARD, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This is an action brought pursuant to 42 U.S.C. § 1983 in which plaintiff claims that his First Amendment rights were violated when he was subject to suspension from school for wearing clothing bearing the image of a Confederate flag. Currently pending is Plaintiffs' New Motion for Preliminary Injunction [Doc. 51] and Plaintiffs' Motion to Amend Complaint [Doc. 52]. For the reasons that follow, both motions will be **DENIED**.

Plaintiffs filed this action on November 20, 2006 and requested a hearing on their motion for preliminary injunction. That hearing was held on January 30, 2007, and plaintiffs were given the opportunity to call witnesses and present evidence as well as cross examine the defendants' witnesses. On May 16, 2007, this Court concluded that plaintiffs had failed to demonstrate a likelihood of success on the merits, particularly in light of proof of a number of racially motivated incidents which had occurred at the school which plaintiff attends.

Plaintiff now moves a second time for a preliminary injunction claiming that he now has evidence which would establish his likelihood of success on the merits.[1] He points to deposition testimony suggesting that the Confederate flag prohibition would be enforced in all Anderson County schools, regardless of the likelihood of disruption in any given school. *See* Doc. 50-4, p.29; Doc. 50-9, p. 13.[2]

Upon a careful review of the new evidence presented the Court finds the plaintiff has still failed to demonstrate a likelihood of success on the merits. This is particularly true in light of the United States Court of Appeals for the Sixth Circuit's recent opinion in D.B., *ex. rel*. Brogdon v. Lafon, 2007 WL 541594 (6th Cir., Tenn. 2007) (upholding school ban on Confederate flag clothing) and the United States Supreme Court's holding in *Morse v. Frederick*, __ U.S. __, 127 Supreme Court 2618 (2007) (upholding school ban on speech that

---

[1] Van R. Irion, counsel for the plaintiffs, informed chambers telephonically on October 18, 2007, that he would not be calling any witnesses for testimony, unless counsel for defendants called witnesses.

[2] All page references to depositions will be to the actual deposition page number - not the docket entry page number.

might reasonably be viewed as promoting illegal drug use). Accordingly, plaintiffs' second motion for preliminary injunction [Doc. 51] is **DENIED**.

Plaintiffs also move to amend their complaint to seek punitive damages against the defendants. Rule 15(a), Fed. R. Civ. P. directs that leave to amend the pleading "shall be freely given when justice so requires." The Supreme Court has stated that leave to amend should be granted under Rule 15(a) unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Under the present state of First Amendment law regarding school students, *see Morse*, 127 Supreme Court 2618, the Court is of the opinion that an amendment to seek punitive damages in this case would be futile. Accordingly, plaintiffs' motion to amend the complaint [Doc. 52] is hereby **DENIED**.

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE