TOM DEFOE, a minor by and through his )
parent and guardian, PHIL DEFOE, )
  )
      Plaintiffs, )
  )
v. )    No.:  3:06-CV-450
  )         (VARLAN/SHIRLEY)
SID SPIVA, in his individual and official )
capacity as Principal of Anderson County )
Career and Technical School; MERL )
KRULL, in his individual and official capacity )
as Assistant Principal of Anderson County )
Vocational School; GREG DEAL, in his )
individual and official capacity as Principal )
of Anderson County High School; V. L. )
STONECIPHER, in his official capacity as )
Director of Schools for Anderson County; )
JOHN BURELL, in his official capacity as )
Chairman of the Anderson County School )
Board; and THE ANDERSON COUNTY )
SCHOOL BOARD, )
  )
      Defendants. )

## MEMORANDUM AND ORDER

This civil action is before the Court on plaintiffs' Motion to Recuse [Doc. 70] in which plaintiffs request that Judge Thomas A. Varlan recuse himself from any further proceedings in this case. Defendants have responded in opposition [Doc. 73, 74] and plaintiffs have filed a reply [Doc. 81]; thus, the motion is now ripe for determination. The Court has carefully reviewed the pending motion and responsive filings in light of the applicable law. For the reasons set forth herein, plaintiffs' motion will be denied.

## I.    Analysis

Plaintiffs rely on 28 U.S.C. § 455(a) as authority to support their motion for recusal. That statute states, "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Interpreting this statute, the Sixth Circuit has stated that "a judge must recuse himself if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality" but a "judge need not recuse himself based on the subjective view of a party." *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) (citations omitted).

Plaintiffs argue for recusal claiming that: (1) the Court's prior denial of plaintiffs' motion to amend complaint demonstrates that the Court has already decided issues of fact and determined the ultimate outcome of the case, and (2) Judge Varlan is impartial based upon his "pre-bench legal career spent specializing in the defense of school administrators on issues like those raised in the case at bar." [Doc. 70 at 2.] Neither of these grounds are true, nor do they support recusal. Plaintiffs admit that neither Judge Varlan's background nor the Court's decision in regards to plaintiffs' motion to amend complaint require recusal on their own, but argue that Judge Varlan's background combined with the ruling on plaintiffs' motion raise a reasonable question as to his impartiality.

None of Judge Varlan's prior rulings in this case support recusal. Bias that requires recusal must be personal or extrajudicial. *Liteky v. United States*, 510 U.S. 540, 548 (1994); *Sammons*, 918 F.2d at 599. "Personal bias is prejudice that emanates from some source other

2

than participation in the proceedings or prior contact with related cases." *United States v. Nelson*, 922 F.2d 311, 319-20 (6th Cir. 1990). The basis for recusal under 28 U.S.C. § 455(a), therefore, cannot be a judge's prior ruling. *Liteky*, 510 U.S. at 556.

Additionally, Judge Varlan's background as Law Director for the city of Knoxville and as an attorney at Sutherland, Asbill & Brennan does not require recusal. Past experiences, associations, and viewpoints alone rarely warrant recusal. *Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1356 (6th Cir. 1988). Additionally, Judge Varlan was not law director of Knox County as plaintiffs contend, but was law director of the city of Knoxville, which does not operate a school system. Plaintiffs have not demonstrated that a reasonable person would find that Judge Varlan's pre-bench background created any bias. Because a reasonable person would not question Judge Varlan's ability to be impartial, recusal is not required.

## II.     Conclusion

For the reasons set forth herein, plaintiff's Motion to Recuse [Doc. 70] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE