UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| TOM DEFOE, a minor by and through his parent and guardian, PHIL DEFOE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.: 3:06-CV-450 (VARLAN/SHIRLEY) |
| SID SPIVA, in his individual and official capacity as Principal of Anderson County Career and Technical School; MERL KRULL, in his individual and official capacity as Assistant Principal of Anderson County Vocational School; GREG DEAL, in his individual and official capacity as Principal of Anderson County High School; V. L. STONECIPHER, in his official capacity as Director of Schools for Anderson County; JOHN BURELL, in his official capacity as Chairman of the Anderson County School Board; and THE ANDERSON COUNTY SCHOOL BOARD, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This civil action is before the Court on plaintiffs' Motion to Reconsider Motion to Amend Complaint [Doc. 71]. Defendants have responded in opposition [Doc. 78, 79] and plaintiffs have filed a reply [Doc. 85]; thus, the motion is now ripe for determination. The Court has carefully reviewed the motion and responsive filings in light of the applicable law. For the reasons set forth herein, plaintiffs' Motion to Reconsider Motion to Amend Complaint [Doc. 71] will be granted.

## I.    Relevant Facts

Plaintiffs filed their complaint with this Court on November 20, 2006 alleging that they are entitled to relief under 42 U.S.C. § 1983 because defendants violated plaintiffs' First and Fourteenth Amendment rights by prohibiting Tom Defoe from wearing clothing depicting the confederate battle flag at school. [Doc. 1.] On September 21, 2007, plaintiffs filed a Motion to Amend Complaint [Doc. 52] seeking to add claims for punitive damages and new factual allegations. The Court denied the motion and plaintiffs thereafter filed the Motion to Reconsider Motion to Amend Complaint [Doc. 71] now before the Court.

## II.    Analysis

Plaintiffs seek to amend their complaint after the time for doing so as a matter of course has expired and therefore require the Court's leave. Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has stated that leave to amend should be granted under Rule 15(a) unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Court originally concluded and defendants argue that plaintiffs' motion to amend should be denied because the amendments are frivolous. A motion for leave to amend may be denied for futility "if the court concludes that the pleading as amended could not withstand a motion to dismiss." *Midkiff v. Adams County Reg'l Water Dist.*, 409 F.3d 758,

767 (6th Cir. 2005) (citing *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 249 (6th Cir. 1986)). A motion to dismiss should not be granted unless, taking all well-pleaded allegations as true and construing them in the light most favorable to the non-moving party, there are not sufficient facts to make out all material elements of the claims. *Trezbuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003); *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997).

A plaintiff can recover punitive damages in a § 1983 case from an individual defendant if it is shown that the defendant engaged in behavior that was "motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 536 (1999) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)); *accord Parker v. General Extrusions, Inc.*, 491 F.3d 596, 602 (6th Cir. 2007). Because the First Amendment protects free speech, "student expression may not be suppressed unless school officials reasonably conclude that [the speech] will 'materially and substantially disrupt the work and discipline of the school.'" *Morse v. Frederick*, 127 S. Ct. 2618, 2620 (2007) (quoting *Tinker v. Des Moines Indep. Cmty Sch. Dist.*, 393 U.S. 503, 513 (1969)).

Plaintiffs allege that Tom Defoe wore depictions of the confederate battle flag to express pride in his southern heritage. [Doc. 71-2 at ¶ 12.] Plaintiffs allege in their proposed amended complaint that defendants banned Tom Defoe's displays of the confederate battle flag despite knowledge that student displays of the flag are not likely to cause a substantial

disruption.  [Doc. 71-2 at ¶ 23.]  Taking these allegations to be true, they are sufficient to survive a motion to dismiss.

Defendants also argue that plaintiffs cannot recover punitive damages because the individual defendants are entitled to qualified immunity.  Qualified immunity does not shield public officials from liability for violating constitutional rights which are clearly established. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

The precise boundaries of a student's right to the freedom of expression at school in every factual scenario are unclear.  *See Morse v. Frederick*, 127 S. Ct. 2618 (2007) (permitting a restriction of student speech when the speech is deemed to promote illegal drug use); *Hazelwood Sch. Dist. v. Kuhlmeier*, 484 U.S. 260 (1988) (holding that school officials may restrict student speech in a school supported student newspaper); *Bethel Sch. Dist. No. 403 v. Fraser*, 478 U.S. 675, 682 (1986) (upholding a ban of lewd student speech); *Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503 (1969) (holding that students have a right to wear armbands in protest of the Vietnam War where it could not be shown that this expression "materially and substantially disrupt[ed] the work and discipline of the school").

However, it is clear that school officials may not regulate student displays of the confederate flag unless they determine that the speech causes a material and substantial disruption or officials reasonably forecast such a disruption, and any regulation is applied in a viewpoint neutral manner. *Castorina v. Madison County Sch. Bd.*, 246 F.3d 536, 544 (6th Cir. 2001) (holding that a school ban of displays of the confederate battle flag was unconstitutional when there had not been any disruptions as a result of the confederate flag

and students were permitted to wear other racially divisive symbols, including Malcolm X-inspired clothing); *see also Lowery v. Euverard*, 497 F.3d 584, 592 (6th Cir. 2007) (citation and quotations omitted) (noting that school officials do not have to wait for a disruption to occur but can regulate speech if "it was reasonable for school officials to forecast a substantial disruption of or material interference with school activities").

Though the facts are in dispute, the law is clearly established for the factual scenario alleged by plaintiffs. In their proposed amended complaint, plaintiffs allege that "[t]here have been no disruptions of the learning environment at Anderson County High School caused by Plaintiff or other students wearing or displaying items bearing the Confederate flag" and "Anderson County High School permits students to wear clothing bearing other expression of viewpoints including items containing words and/or images referring to Malcolm X . . . ." [Doc. 71-2 at ¶¶ 15, 16.] Plaintiffs further allege that defendants Deal and Stonecipher know that student displays of the confederate flag are not likely to cause a substantial disruption at Anderson County High School or Anderson County Career and Technical Center. [Doc. 71-2 at ¶ 23.] These allegations, if true, present a factual scenario in which the law is clearly established that defendants could not constitutionally regulate plaintiff Tom Defoe's speech. Accordingly, because plaintiffs have alleged sufficient facts to survive a motion to dismiss on the issues of whether the individual defendants are entitled to qualified immunity and thus whether plaintiffs can seek punitive damages, the Court finds that plaintiffs' amendments are not frivolous.

**III.    Conclusion**

For the reasons discussed herein, plaintiffs' Motion to Reconsider Motion to Amend Complaint [Doc. 71] is hereby **GRANTED**, this Court's Memorandum and Order denying Plaintiffs' Motion to Amend Complaint [Doc. 60] is hereby **VACATED**.  Plaintiffs are directed to electronically file the amended complaint within five (5) days of the entry of this order.

IT IS SO ORDERED.


s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE