UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

TOM DEFOE, a minor by and through his )
parent and guardian, PHIL DEFOE, )
 )
       Plaintiffs, )
 )
v. ) No.: 3:06-CV-450
 ) (VARLAN/GUYTON)
SID SPIVA, et al., )
 )
       Defendants. )

## MEMORANDUM AND ORDER

This civil action was before the Court on January 18, 2008, for a hearing on the impact of defendants' notice of appeal on this Court's jurisdiction over the pending motions and the case as a whole.

### I.  Relevant Facts

On January 7, 2008, the Court issued a memorandum and order [Doc. 128], in which the Court determined that the individual defendants sued in their personal capacity are not entitled to qualified immunity. On January 9, 2008, defendants filed a notice of appeal to the Court of Appeal for the Sixth Circuit [Doc. 133]. In response to defendants' notice, plaintiffs filed a motion to bifurcate the trial [Doc. 134] seeking to separate the issue of liability of the individual defendants sued in their personal capacities from the issue of liability of the other defendants in order to proceed with trial as scheduled against the non-appealing defendants.

The Court held a telephonic status conference on January 11, 2008, during which it requested that the parties brief the Court on whether the notice of appeal divested the Court of all jurisdiction over the case, therefore making it improper for the Court to even consider the motion to bifurcate. Defendants responded to the Court's request for briefing [Doc. 140] arguing that notice of an appeal immediately divests the district court of all jurisdiction over the case. Plaintiffs filed several documents, including a motion to amend judgment [Doc. 143]. Plaintiffs argue that the Court has jurisdiction to decide the pending motions because defendants' appeal was premature and ineffective and that the Court should bifurcate the trial in order for the plaintiffs to receive prompt adjudication of their claims. The parties also discussed some alternative options to bifurcation that would not involve the intervention of the Court but did not reach an agreement in regard to those options at the January 18, 2008 hearing.

**II.    Analysis**

Plaintiffs' motion to amend judgment requests that the Court amend the January 7, 2008 memorandum and order pursuant to Federal Rule of Civil Procedure 59(c) on the grounds that defendants' motion for summary judgment on the basis of qualified immunity was filed late and therefore defendants rights have been waived. The Court declines this request, and therefore plaintiffs' motion to amend judgment will be denied.

Plaintiffs argue that defendants' notice of appeal was premature on the grounds that a notice of appeal is not effective until after the deadline for filing a Rule 59 motion has passed, or, if such a motion is filed, until the Court rules on the motion. Plaintiffs rely upon

2

*Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982), in support of this argument. *Griggs* states that "in order to prevent unnecessary appellate review, the district court was given the express authority to entertain a timely motion to alter or amend the judgment under Rule 59, even after a notice of appeal had been filed." 459 U.S. at 59 (citing Fed. R. App. P. 4(a)(4)). The Court notes that under the current version of Rule of Appellate Procedure 4(a)(4), while a notice of appeal will not have effect until after the district court's disposition of a motion to amend judgment, the notice of appeal does not need to be refiled but will become effective immediately upon the Court's resolution of the pending motion. Fed. R. App. P. 4(a)(4) ("If a party files a notice of appeal after the court announces or enters a judgment--but before it disposes of [a motion to amend judgment]--the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered."); *see also Schroeder v. McDonald*, 55 F.3d 454, 458 (9th Cir. 1995) (noting that Rule 4(a)(4) has been amended since *Griggs* making refiling unnecessary). Accordingly, upon the entry of this order, defendants' notice of appeal will be effective.

Considering the effectiveness of defendants' notice of appeal, the individual defendants sued in their personal capacities cannot face trial prior to the Sixth Circuit's consideration of their entitlement to qualified immunity. To the extent that an appeal to the Court of Appeals does not divest this Court of jurisdiction over the entire case, the Court finds that it is in the interest of justice to stay all proceedings in this case pending resolution of defendants' appeal to the Sixth Circuit.

Plaintiffs' claims against all defendants arise from the same factual allegations and the Court seeks to avoid two trials on the same set of facts. The Sixth Circuit has concluded that even when it is appropriate to separate personal capacity and official capacity liability for trial in a § 1983 case, it is illogical to try municipality liability before individual liability. *Wilson v. Morgan*, 477 F.3d 326, 340 (6th Cir. 2007). Because the Court cannot proceed to trial on individual liability at this time, the Court will not proceed to trial and try the municipality liability before the individual liability. Accordingly, the Court will stay all proceedings in this case pending resolution of defendants' appeal.

### III. Conclusion

For the reasons set forth herein, plaintiffs' motion to amend judgment [Doc. 143] is hereby **DENIED** and to the extent that the Court has any jurisdiction over the remaining claims of the case, the proceedings are **STAYED** pending resolution of defendants' appeal. The parties are **DIRECTED** to notify the Court within fifteen (15) days of the resolution of the appeal to the Court of Appeals for the Sixth Circuit to request that the Court reinstate the case to the docket.

IT IS SO ORDERED.

          s/ Thomas A. Varlan  
          UNITED STATES DISTRICT JUDGE