UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| TOM DEFOE, a minor by and through his parent and guardian, PHIL DEFOE, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No.: 3:06-CV-450 (VARLAN/GUYTON) |
| SID SPIVA, in his individual and official capacity as Principal of Anderson County Career and Technical School; MERL KRULL, in his individual and official capacity as Assistant Principal of Anderson County Vocational School; GREG DEAL, in his individual and official capacity as Principal of Anderson County High School; V. L. STONECIPHER, in his official capacity as Director of Schools for Anderson County; JOHN BURELL, in his official capacity as Chairman of the Anderson County School Board; and THE ANDERSON COUNTY SCHOOL BOARD, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This civil action is before the Court on Plaintiffs' Second Motion to Reconsider Motion for Summary Judgment [Doc. 218]. Defendants have filed a response in opposition [Doc. 228] and plaintiffs have filed a reply [Doc. 261]. The Court has carefully considered the pending motions and responsive filings in light of the record as a whole and the applicable law. For the reasons set forth herein, Plaintiffs' Second Motion to Reconsider Motion for Summary Judgment [Doc. 218] will be denied.

## I. Relevant Facts

Plaintiff Tom Defoe was a high school student who attended Anderson County High School and Anderson County Career and Technical Center until at least December 20, 2007. [Doc. 63 at 2; Doc. 196.] All Anderson County schools have a dress code policy in effect which states in part:

> Clothing and accessories such as backpacks, patches, jewelry, and notebooks must not display (1) racial or ethnic slurs/symbols, (2) gang affiliations, (3) vulgar, subversive, or sexually suggestive language or images; nor, should they promote products which students may not legally buy; such as alcohol, tobacco, and illegal drugs.

[Doc. 63 at 7.]

On October 30, 2006, Tom Defoe wore a t-shirt to school bearing the image of the confederate flag. [Doc. 130 at ¶ 12; Doc. 177 at ¶ 13.] Anderson County High School officials informed Tom Defoe that his shirt violated the school's dress code policy, and he was asked to remove the shirt or turn it inside out. [Doc. 130 at ¶ 12; Doc. 177 at ¶ 13.] Tom Defoe refused to comply. [Doc. 130 at ¶ 12; Doc. 177 at ¶ 13.] Plaintiffs assert that Tom Defoe was suspended in response to his refusal to comply, while defendants assert that he was merely sent home. [Doc. 130 at ¶ 12; Doc. 177 at ¶ 13.] On November 6, 2006, Tom Defoe again wore a depiction of the confederate flag to school, this time on a belt buckle. [Doc. 130 at ¶ 13; Doc. 177 at ¶ 14.] Again, a school official informed Tom Defoe that his clothing violated the dress code policy and when Tom Defoe refused to comply with the dress code, he was suspended for insubordination. [Doc. 130 at ¶ 13; Doc. 177 at ¶ 14.] Prior to these two instances, Tom Defoe wore clothing depicting the confederate battle flag

to school on several occasions but complied with requests to remove or cover the clothing. [Doc. 130 at ¶ 14; Doc. 177 at ¶ 15.]

Plaintiffs assert that there have been no disruptions to the learning environment caused by displays of the confederate flag and that school officials and teachers stated that it was unlikely that the confederate flag would cause a disruption at school. [Doc. 50 at 6-7; Doc. 130 at ¶ 15.] Defendants assert that there have been and continue to be incidents of racial unrest, violence, and general disruption of school activities as a result of displays of the confederate flag. [*See e.g.*, Doc. 14 at ¶ 15; Doc. 200-2; Doc. 200-4; Doc. 200-7.]

Plaintiffs assert that Anderson County High School permits students to wear clothing bearing other expressions of political or controversial viewpoints, including images referring to Malcolm X, foreign national flags, and candidates for political office. [Doc. 130 at ¶ 16.] Defendants deny this allegation and state that, at most, plaintiffs' allegations show that a student "got away" with wearing a Malcolm X shirt. [Doc. 196 at 2.] Defendants assert that this does not show that Anderson County Schools, its Board, or any staff member approved of the shirt. [*Id.*]

## II. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper if "the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." The burden of establishing there is no genuine issue of material fact lies upon the moving party. *Celotex Corp. v. Catrett*, 477 U.S.

317, 330 n.2 (1986). The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587; *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.* To defeat a motion for summary judgment, the opposing party "may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e).

The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper jury question, and not to weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Id.* at 249. Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

**III.     Analysis**

Plaintiffs move for reconsideration of the Court's denial of their previous motion for summary judgment on the grounds that the school's restrictions on plaintiff Tom Defoe's speech were not narrowly tailored as is required to for a content-based regulation. Restrictions on speech must be "narrowly tailored to meet their legitimate objectives." *Police Dept. of City of Chicago v. Mosley,* 408 U.S. 92, 101 (1972).  The term "narrowly tailored" means that the regulation on speech is no greater than necessary to further the government interest which justifies the regulation. *Turner Broad. v. FCC*, 512 U.S. 622 (1994) (quoting *United States v. O'Brien*, 319 U.S. 367, 377 (1968)).

The government interest at stake in this case is preventing a substantial disruption in the school environment.  School officials may restrict student speech if "it was reasonable for school officials 'to forecast a substantial disruption of or material interference with school activities.'"  *Lowery v. Euverard*, 497 F.3d 584, 592 (6th Cir. 2007).  If it is reasonable to forecast that displays of the confederate flag will cause a substantial disruption, then preventing such displays is no greater than necessary to further the interest of preventing such a disruption.  *See id.*  As the Court has previously determined, there are material facts in dispute regarding whether school officials reasonably forecasted that displays of the confederate flag would cause a substantial disruption to the school environment.  Thus, on the undisputed facts, plaintiffs have not shown that defendants' restriction on plaintiff Tom Defoe's speech were greater than necessary and, therefore, plaintiffs are not entitled to judgment as a matter of law.

5

## IV. Conclusion

For the reasons set forth herein, Plaintiffs' Second Motion to Reconsider Motion for Summary Judgment [Doc. 218] is hereby **DENIED**.

IT IS SO ORDERED.

                                        s/ Thomas A. Varlan
                                        UNITED STATES DISTRICT JUDGE